IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NAYEF QASHOU, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-910-RAH-KFP |
| | ) | |
| UNITED STATES ATTORNEY'S | ) | |
| OFFICE, and MOBILE FIELD OFFICE | ) | |
| OF THE F.B.I., | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the Court is Defendants' Motion to Dismiss (Doc. 19), supporting brief (Doc. 20), Plaintiff's Response (Doc. 22), and Defendants' Reply (Doc. 24). For the reasons stated below, the Court finds the Motion (Doc. 19) is due to be granted.

## I.    PLAINTIFF'S COMPLAINT

Plaintiff filed his Complaint on September 11, 2025, in the Circuit Court of Lee County. Doc. 1-1. It was removed to this Court on November 17, 2025. Doc. 1. In his Complaint, Plaintiff asserts a series of state law claims relating to Plaintiff's separate criminal case involving a charge of international terrorism.[1] Plaintiff names the United States Attorney's Office and the Mobile Field Office of the FBI as Defendants. Doc. 1-1 at 7.

---

[1] *United States v. Qashou*, Case No. 3:19-cr-364-ECM-KFP.

Plaintiff's Complaint is a stream-of-conscious narrative separated by paragraph numbers that are out of order and fail to set out clear causes of action distinct from any facts. Doc. 1-1. Plaintiff initially alleges this is a "Complaint for false arrest, false imprisonment, libel (defamation), and other causes." Doc. 1-1. Throughout the Complaint, he alleges Defendants abused process in prosecuting and investigating the case. Doc. 1-1 at 8. Plaintiff alleges that his prosecution was committed "in a clear violation of [his] 5th and 14th Amendment rights, to due process." Doc. 1-1 at 9.

Additionally, Plaintiff claims that because his arrest warrant and indictment contain "false and inaccurate information, and defamatory misrepresentations" that his constitutional rights were violated. Doc. 1-1 at 9. Plaintiff further claims that Defendants' actions "constitute false imprisonment, false arrest, intentional infliction of emotional distress, libel, slander, negligence per se, and abuse of process" Doc. 1-1 at 9–10.

Plaintiff names a "Doe Defendant" who was involved in obtaining an "invalid" arrest warrant, and Plaintiff claims this Doe Defendant violated the Fourth Amendment because of the invalid warrant. Doc. 1-1 at 9.

Plaintiff seeks compensatory damages, punitive damages, attorney fees, and costs. Doc. 1-1 at 12. He states that "[i]n total, other than attorney fees and costs of proceedings, the plaintiff's requested damages, from the Defendants, is FOUR HUNDRED MILLION DOLLARS" in addition to another "$20,000,000 in compensatory damages, from an unidentified 'Doe Defendant'" for an arrest allegedly violating his Fourth Amendment rights. Doc. 1-1 at 9, 12.

## II.    STANDARD OF REVIEW

"Because federal courts are courts of limited jurisdiction," the Court must determine at the outset whether it has subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd.*, 411 F.3d at 1247). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack." *Willet v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014).[2] (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A facial challenge attacks "whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990) (per curiam)). This is a similar standard to the Rule 12(b)(6) standard. *Willet*, 24 F. Supp. at 1173. Alternatively, a factual challenge attacks

---

[2] Here, and elsewhere in this Recommendation, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

"the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy*, 998 F.3d at 1230.

## III.   DISCUSSION

Plaintiff's Complaint includes a series of state law tort claims[3] and constitutional claims.[4] Defendants assert sovereign immunity for all of Plaintiff's claims. Doc. 20 at 2–3, 6–7. In Response, Plaintiff requests the Court remand the case or allow for amendment. Doc. 22 at 7–8.

### A.   Sovereign immunity bars Plaintiff's tort claims.

Plaintiff's Complaint alleges false arrest, false imprisonment, libel, and "other causes." Doc. 1-1. These are state law tort claims. Defendants argue that because sovereign immunity has not been waived for claims of libel, false arrest, and false imprisonment, Defendants have sovereign immunity from these claims. Doc. 20 at 3, 5–6. Plaintiff argues that he should be able to "amend to substitute or add the United States for any FTCA claim that is not independently barred." Doc. 22 at 7.

"As an initial matter, the FTCA authorizes claims only against the United States." *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (per curiam) (citing 28 U.S.C. § 2679(b)(1)). "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Bates v. United States Gov't*, 3 F. Supp. 3d 1311, 1318 (S.D. Ala. Feb. 14, 2014) (quoting *Galvin*

---

[3] Plaintiff alleges Defendants committed the various torts of libel (defamation), false arrest, and false imprisonment. Doc. 1-1.

[4] In his Complaint, Plaintiff alleges violations of the Fourth, Fifth, and Fourteenth Amendment. Doc. 1-1 at 9, 12.

*v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)). Thus, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183.

"Sovereign immunity protects the federal government and its agencies from civil liability." *Knezevich v. Carter*, 805 F. App'x 717, 724 (11th Cir. 2020) (per curiam) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "The FTCA, however, provides a limited waiver of sovereign immunity for tort claims." *Id.* (citing *Motta v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)). "Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Caldwell v. Klinker*, 646 F. App'x 842, 845–46 (11th Cir. 2016) (per curiam) (quoting *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015)). "The Act confers on federal district courts exclusive jurisdiction to hear claims against the United States for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Knezevich*, 805 F. App'x at 724 (quoting 28 U.S.C. § 1346(b)(1)). There is an exception to the immunity waiver in 28 U.S.C. § 2680(h) "which preserves the government's immunity from suit on '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Id.* (quoting 28 U.S.C. § 2680(h)).

Here, Plaintiff has named the United States Attorney's Office and the Mobile Office of the FBI. *See* Doc. 1-1. These entities are both federal agencies. Thus, as these agencies

are not proper parties under the FTCA, Plaintiff's state law tort claims against Defendants are due to be dismissed.

In addition, to the extent Plaintiff seeks to amend his pleading to "substitute or add the United States for any FTCA claim that is not independently barred," Doc. 22 at 7, each of Plaintiff's tort claims are excepted from the immunity waiver, *see Knezevich*, 805 F. App'x at 724 (excepting false imprisonment, false arrest, and libel claims from the FTCA). Therefore, granting Plaintiff leave to amend when sovereign immunity would bar his claims would be futile. *Cornelius Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *Spilker v. E. Fla. State College*, 2020 U.S. Dist. LEXIS 44037, at *11–13 (M.D. Fla. Feb. 11, 2020) (dismissing Plaintiff's 1983 claims with prejudice because amendment "would be futile considering the application of sovereign immunity."). Additionally, Plaintiff's request for amendment, buried in the motion to dismiss briefing, is not properly before the Court. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam) ("Where a request for [relief] . . . simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

For these reasons, the undersigned recommends dismissing Plaintiff's tort claims because Plaintiff has failed to allege a jurisdictional basis of review.

### B. Plaintiff has not exhausted his administrative remedies.

Defendants argue that "even if Plaintiff's tort claims were brought against the legally correct defendant, this Court still must dismiss them because he has not alleged that

6

he complied with the mandatory administrative exhaustion prerequisites of the FTCA before filing this lawsuit." Doc. 20 at 4. Plaintiff argues in response he "should be allowed to amend to substitute or add the United States for any FTCA claim that is not independently barred." Doc. 22 at 7. In reply, Defendants argue that even if Plaintiff "moved to add a new party and dismissed the current ones . . . this substitution would not provide subject matter jurisdiction . . . because Plaintiff did not exhaust any FTCA state-law tort claims prior to filing this lawsuit." Doc. 24 at 7.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Caldwell*, 646 F. App'x at 846 (citing *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008)). To exhaust administrative remedies, "[b]efore instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed." *Turner*, 514 F.3d at 1200 (citing 28 U.S.C. § 2675(a)). "The plaintiff has the burden of alleging that he or she has exhausted her administrative remedies in order to survive a motion to dismiss for lack of subject-matter jurisdiction." *Armstrong v. Whitaker*, 2019 U.S. Dist. LEXIS 75841, at *6 (N.D. Ala. May 6, 2019) (citing *Dalrymple v. United States*, 460 F.3d 1318, 1324–26 (11th Cir. 2006); *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) (per curiam) (finding that because the plaintiff "did not allege facts sufficient to show that he exhausted administrative

7

remedies—a jurisdictional prerequisite to his suit under the FTCA—the district court properly dismissed his complaint").

Plaintiff has not established he exhausted his administrative remedies. Nowhere in his Complaint does Plaintiff indicate he "presented the claim to the appropriate Federal agency" and that the claim was either denied by the agency or that six months passed. *Caldwell*, 646 F. App'x at 846. Because it is a jurisdictional prerequisite for a plaintiff to have exhausted his administrative remedies and "allege facts sufficient" in support, *Pompey*, 314 F. App'x at 179, Plaintiff has not established the Court has jurisdiction over this matter. For this additional reason, the undersigned recommends Plaintiff's state law tort claims be dismissed.

**C.    Sovereign immunity bars Plaintiff's constitutional claims.**

In addition to his state law tort claims, Plaintiff asserts that his Fourth, Fifth, and Fourteenth Amendment rights were violated. Doc. 1-1 at 9, 12. Defendants argue that sovereign immunity bars these claims. Doc. 20 at 6–7.

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.* at 1322 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994)). "The United States has not waived its sovereign immunity for constitutional claims seeking money damages from it or its agencies." *Rivera v. FBI*, 2024 U.S. Dist. LEXIS 70999, at *9 (N.D. Fla. Mar. 27, 2024) (citing *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1345 (11th Cir.

8

2007); *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983)) (finding that "if any of the constitutional claims in the complaint are being asserted against the FBI and DOJ, the Court would not have subject-matter jurisdiction over those claims.").

Here, Plaintiff has named only federal agencies in his Complaint. As federal agencies, the FBI and DOJ have sovereign immunity from suit against constitutional claims for damages. *Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Thus, because Defendants have sovereign immunity from Plaintiff's constitutional claims, the Court has no subject matter jurisdiction over these claims. Therefore, the undersigned finds these claims are due to be dismissed.

### D.    Plaintiff's fictitious party Claims are not proper.

Plaintiff seeks discovery related to the "unidentified" individual who Plaintiff claims is responsible for his arrest and caused him "injury, mental anguish, and emotional distress[.]" Doc. 1-1 at 9.

"Our precedent has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity. Instead, our precedent has always required an unambiguous description of a defendant that enables service of process." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam).

Plaintiff provides no description of this Doe Defendant beyond the claim that this individual obtained an invalid arrest warrant. Doc. 1-1 at 9. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The Eleventh Circuit "[has] created a limited exception to

this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1216 n.6 (11th Cir. 1992)). Such a description may suffice when the plaintiff has used "sufficient clarity" and "adequately described the person to be sued so that the person could be identified for service." *Dean*, 951 F.2d at 1216 & n.6.

Because Plaintiff has failed to name this individual with specificity, all claims against any "Doe Defendant" are struck from the Complaint. *See Turner v. Shearon*, No. 2:24-cv-299-BL-KFP (Doc. 10 at 2–3) (citing *Rice v. Randolph Cnty. Sheriff's Dep't*, No. 3:23-cv-71-RAH, 2023 WL 2637716, *2 (M.D. Ala. Mar. 24, 2023); *see also Muhammad v. Lee Cnty. Comm'n*, No. 3:22-cv-713-ECM-KFP, 2023 WL 3243405, *2 (M.D. Ala. Apr. 14, 2023)).

### E.      Plaintiff's Motion for Appointment of Counsel is due to be denied.

In addition, Plaintiff has filed a Motion for Appointment of Counsel. Doc. 23. He asserts that the request to appoint counsel is made pursuant to 28 U.S.C. § 1915(e)(1). There is no constitutional right to have counsel appointed in most civil cases. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). To be appointed counsel in a civil case "is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam). "Exceptional circumstances may exist when the facts or legal issues are 'so novel or complex as to require the assistance of a trained practitioner.'" *Hamman v. Univ. of Cent. Fla. Bd. of Trs.*, 2020 U.S. Dist. LEXIS 256920, *2 (M.D. Fla. Sept. 2, 2020) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Here, Plaintiff cites to the fact that he has autism, that the case involves "complex and

10

interrelated federal and state law issues," that there are "significant evidentiary barriers," and that there is a "need for legally sophisticated discovery and motion practice." Doc. 23 at 15. These allegations do not satisfactorily show exceptional circumstances. The Court has assessed Plaintiff's claims, the complexity of the claims, and whether any novel issues are presented, and the Court is satisfied that Plaintiff has established he is able to prosecute this action pro se. For these reasons, this Motion is due to be denied.

## IV.    CONCLUSION

Accordingly, it is ORDERED Plaintiff's Motion for Appointment of Counsel (Doc. 23) is DENIED.

The undersigned Magistrate Judge RECOMMENDS Defendants' Motion to Dismiss (Doc. 19) be GRANTED.

Further, it is ORDERED that on or before **April 24, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

11

the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 10th day of April, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE