IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NAYEF QASHOU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-cv-00910-RAH-KFP |
| | ) |
| UNITED STATES ATTORNEY'S | ) |
| OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On September 11, 2019, Plaintiff Nayef Qashou was indicted in the Middle District of Alabama for making a false statement to a federal agency in a matter involving international terrorism—his support for ISIS and its Islamic extremist ideologies—and destruction, as well as falsification and modification of records in a federal investigation. (*See* Case No. 3:19-cr-364-ECM.) Qashou later pleaded guilty to the false statement charge and was sentenced to fifty-seven (57) months of imprisonment. Post sentencing, Qashou continued to file motions in his criminal case, all of which were denied. His appeal to the Eleventh Circuit was also unsuccessful.[1]

On October 4, 2021, Qashou sought to vacate his sentence via the filing of a § 2255 motion. (*See* Case No. 3:21-cv-660-ECM.) That action was dismissed on February 25, 2025.

On November 17, 2025, Qashou filed this closely related civil lawsuit against the United States Attorney's Office and the Federal Bureau of Investigation (Mobile

---

[1] Qashou also filed a pro se civil lawsuit against various businesses in the Lee County, Alabama area over alleged violations of the Americans with Disabilities Act. *See Qashou v Skybar, et al.*, Case No. 3:25-cv-0689-BL, M.D. Alabama.

Office) concerning the criminal case against him.  In his Complaint, Qashou asserted state law claims of false arrest, false imprisonment, libel (defamation), and abuse of process, as well as federal claims based upon alleged violations of the Fourth, Fifth, and Fourteenth Amendments. The Defendants thereafter moved to dismiss the Complaint in its entirety, asserting the shotgun nature of the Complaint, their entitlement to sovereign immunity, and the lack of exhaustion by Qashou.[2]

On April 10, 2025, the Magistrate Judge recommended that the Defendants' motion be granted and the case dismissed, finding that Qashou had not exhausted his administrative remedies and that the Defendants were entitled to sovereign immunity. The Magistrate Judge also recommended that Qashou's request for appointed counsel be denied.  On April 15, 2025, Qashou filed an objection. (*See* doc. 28.)

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo.*  28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009).  However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review.  *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006).  Otherwise, a recommendation is reviewed for clear error.  *Id.*

In his objection, Qashou states that the Magistrate Judge erred by not allowing him an opportunity to file an amended complaint curing the shotgun nature of his original Complaint and adding the United States as a party.  Qashou also argues that

---

[2] The Defendants did not claim absolute, prosecutorial, or qualified immunity.

the Federal Tort Claims Act ("FTCA") does not bar intentional tort theories involving conduct by law enforcement officers, including claims of false imprisonment, false arrest, abuse of process, and malicious prosecution. He also argues that he has sufficiently pleaded a fictitious defendant. Finally, Qashou states the Magistrate Judge failed to adequately address his autism, the complexity of the case, or his need for appointed counsel.

Qashou has not shown that he is entitled to relief. First, Qashou does not dispute the Defendants' general entitlement to sovereign immunity, nor does he address the Magistrate Judge's finding that Qashou failed to allege or show that he properly exhausted his claims under the FTCA, a necessary component of advancing an FTCA claim against the United States. The Court therefore finds no clear error with the Magistrate Judge's finding there, nor with the futility of any effort by Qashou to add or substitute the United States.

It is true that there is a law enforcement exception to the United States' general grant of sovereign immunity under the FTCA concerning certain actions by federal law enforcement officials. But here, no law enforcement officials are specifically identified as defendants, only the United States Attorney and the Federal Bureau of Investigation. And regardless, Qashou still must administratively exhaust his claims, which he has failed to do. Qashou's vague pleading of a fictitious defendant in his Complaint does not save this case from dismissal, nor does it require affording him an opportunity to better plead his claims, especially given that any such amendment would be futile.[3]

Further, while the Complaint is indeed a shotgun pleading, the Magistrate Judge did not recommend dismissal on that basis. Instead, the recommended dismissal was based on the application of sovereign immunity and exhaustion

---

[3] Qashou does not state that he intends to make a *Bivens* claim, nor does he propose filing an amended complaint in a format that properly raises one.

deficiencies. And those doctrines would apply irrespective of the shotgun nature of the Complaint. As such, Qashou is not entitled to replead or amend the Complaint.

On a final note, that Qashou may have autism or that the case may be in its infancy are not grounds to vacate the Magistrate Judge's recommendation. Nor is Qashou entitled to legal counsel here as there is no constitutional right to counsel in a civil case. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. The Recommendation (doc. 25) is **ADOPTED**;

2. Defendants' *Motion to Dismiss* (doc. 19) is **GRANTED**;

3. Plaintiff's *Motion to Partially Remand Case to Circuit Court* (doc. 9) is **DENIED** as moot;

4. Plaintiff's *Motion to Stay* (doc. 10) is **DENIED** as moot;

5. Plaintiff's *Primary Motion to Remand, And Plaintiff' Alternative Request For Stay, Abeyance, And Appointment of Counsel* (doc. 22) is **DENIED** as moot;

6. This case is **DISMISSED** without prejudice; and,

7. A separate final judgment **SHALL** be issued.

**DONE** on this the 23rd day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4